GENERAL TELEPHONE CO. OF OHIO, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as General Telephone Co. v. Pub. Util. Comm., 10 Ohio St. 2d 244.]

(No. 40630—Decided May 31, 1967.)

*Messrs. Power, Griffith, Jones & Bell, Mr. Sidney D. Griffith* and *Mr. Stanley S. Smith,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. J. Philip Redick* and *Mr. Langdon Bell,* for appellee Public Utilities Commission.

*Mr. Charles B. Ballou* and *Mr. Ronald L. Orloff,* for appellee The Ohio Bell Telephone Company.

*Per Curiam.* Basically, it is appellant's contention that the entrance to a building is the doorways into such building and it does not mean the driveway leading thereto.

Rule 21.06, paragraph 6, reads as follows:

"Where a building has entrances into more than one area, the principal entrance shall determine the area in which such building is considered to be located in accordance with paragraphs 3, 4 or 5. In no case shall such a building be considered to be located in more than one area."

The purpose of this section is to resolve boundary-line questions, where, because of the geographical location of a customer, there is a question as to whether such customer falls into the service area of one public utility or another.

The Public Utilities Commission interpreted "entrance" as used in this rule relating to the furnishing of a public utility service as the driveway leading to the doorway which opens into the lobby of the building.

The determination as to what constitutes the principal entrance to a building in relation to the rendering of a public utility service is a question of fact. Such determination lies primarily within the judgment of the Public Utilities Commission, and we will not substitute our judgment therefor.

An examination of the record leads to the conclusion that the order of the Public Utilities Commission is neither unreasonable nor unlawful, and it is, therefore, affirmed.

*Order affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., dissents.